UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DUANE BERRY,

        Plaintiff,                       Case Number 12-14682
                                                    Honorable David M. Lawson
v.                                                  Magistrate Judge Mona K. Majzoub

CHRISTOPHER L. VARNER,

        Defendant.
_____/

## ORDER VACATING ORDER OF REFERENCE TO
## THE MAGISTRATE JUDGE AND DISMISSING COMPLAINT

Plaintiff Duane Berry, presently confined at the Federal Correctional Facility in Milan, Michigan, has filed a *pro se* civil rights complaint for money damages and injunctive relief, under the authority of *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 390-97 (1971), and 42 U.S.C. § 1983. The defendant is Assistant United States Attorney Christopher L. Varner. Berry alleges that Varner violated 18 U.S.C. §§ 371, 241, 505, and 1505, when he forged Berry's defense attorney's signature on a stipulation filed in a criminal prosecution. The Court finds that the complaint fails to state a claim upon which relief may be granted and therefore will dismiss the case.

The plaintiff requested and was granted leave to proceed without prepayment of filing fees. When a plaintiff asks the court to waive fees and costs because he cannot afford to pay them, the Court has an obligation to screen the case for merit and dismiss if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also*

*Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it . . . is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (citing *Neitzke*, 490 U.S. at 327-28).

Berry complains of criminal conduct by defendant Varner. During the course of the plaintiff's federal criminal prosecution, Varner filed a stipulation indicating that the parties agreed that the interests of justice would be served by continuing the trial date for sixty days. The plaintiff alleges that his counsel did not consent to this stipulation and that Varner forged his defense counsel's signature. He seeks monetary and injunctive relief.

Berry purports to raise claims under various criminal statutes codified in Title 18 of the United States Code. None of the statutes that he cites authorize any private civil cause of action. *Morganroth & Morganroth v. DeLorean*, 123 F.3d 374, 386 (6th Cir. 1997). Moreover, as a private citizen, the plaintiff "has no authority to initiate a federal criminal prosecution of the defendant[] for his alleged unlawful acts." *Kafele v. Frank & Wooldridge Co.*, 108 F. App'x. 307, 308-309 (6th Cir. 2004) (citing *Diamond v. Charles*, 476 U.S. 54, 64-65 (1986)). As such, all of the claims asserted under statutes within Title 18 of the United States Code must be dismissed.

Moreover, the plaintiff may not obtain relief under 42 U.S.C. § 1983. To state a claim under section 1983, the plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). As a federal prosecutor, defendant Varner operates under the authority of federal law, not state law. Federal officers and employees may not be sued under § 1983 for actions under federal law. *District of Columbia v. Carter*, 409 U.S. 418 (1976). The complaint therefore fails to state any viable claim

under section 1983.

Finally, to the extent that Berry seeks relief under *Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388 (1971), his complaint fails to state a claim upon which relief may be granted. Federal officials "enjoy absolute immunity from civil liability related to their performance of 'prosecutorial functions.'" *Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010) (quoting *Burns v. Reed*, 500 U.S. 478, 486 (1991)). "Functions that serve as an 'integral part of the judicial process' or that are 'intimately associated with the judicial process' are absolutely immune from civil suits." *Id.* (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). The filing of a pleading during a federal court prosecution is without doubt an act intimately associated with the judicial process. Varner therefore is immune from suit under *Bivens*.

Accordingly, it is **ORDERED** that the order referring the case to the magistrate judge for general case management [dkt. #7] is **VACATED**.

It is further **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that the plaintiff's motions for injunction [dkt. #8, 9] and motion to order summons [dkt. #13] are **DISMISSED** as moot.

    s/David M. Lawson
    DAVID M. LAWSON
    United States District Judge

Dated: April 22, 2013

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 22, 2013.

>                                    s/Deborah R. Tofil
>                                    DEBORAH R. TOFIL